FILED MAR 28 '23 AM 10:29 USDCALS

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| Monica Anderson, ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: 23-CV-97-TFM |
| Mobile Infirmary, ) | |
| Defendant. ) | |

## COMPLAINT

1. This is an action for a prayer for justice and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through the Americans with Disabilities Act, Title 42 U.S.C. § 12101 et seq., (hereinafter "ADA").

2. Jurisdiction of this Court is invoked pursuant to civil action number _____.

3. The unlawful employment practices alleged hereinbelow were committed by the defendant within Mobile County, Alabama. Venue is proper in this Court pursuant to Mobile Infirmary 5 Mobile Infirmary Cir, Mobile, AL 36607.

4. Plaintiff Monica Anderson was an employee of the Defendant from 10/03/2022 - 11/04/2022.

5. Mobile Infirmary is a not-for-profit healthcare employer who at all times relevant hereto did business in Mobile County, Alabama.

6. Mobile Infirmary is an employer within the meaning of 42 U.S.C. §§ 2000e(a) and (b) and was the employer of the Plaintiffs. At all times relevant to this action OTK employed at least fifteen (15) or more employees.

7. Plaintiff fulfilled all conditions precedent to the institution of this action, including filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C.") within 180 days of occurrence of the last discriminatory/retaliatory act(s). Plaintiff has also timely filed this complaint within ninety (90) days of the receipt of Notice of Right To Sue issued by the E.E.O.C. (See attached Notices of Rights).

8. Plaintiff is a twenty-nine (29) year-old female disabled veteran with ten (10) years experience in the healthcare field position for which she was hired. Plaintiff holds three (3) professional certifications for the position as well as unique qualifiers i.e. operating room experience, and military leadership training, which sets apart Plaintiff as a more seasoned candidate. Plaintiff is able to complete the job requirements with or without reasonable accommodations. Limitations

include: standing for six (6) or more *consecutive* hours, lifting forty (40) lbs at a floor to waist or waist to waist level, and a fifteen (15) lbs lifting limit above shoulder level.

9. Reasonable accommodations were approved by 09/22/2022 by the employee health office, human resources office, and the manager Shanice Cunningham.

10. Manager Shanice Cunningham violated the Privacy Act of 1974 in approximately mid-september by disclosing the Plaintiff's disabled status, disabilities, and reasonable accommodations request to several lower level staff members with no need to know status.

11. Plaintiff began work in hospital on 10/05/2022 at which point the manager Shanice Cunningham stated several discriminatory remarks. Plaintiff witnessed the manager Shanice Cunningham state that she did not want a disabled veteran for the position, and she expressed a disdain for the fact that Plaintiff is a disabled veteran even though the reasonable accommodations were approved on paper.

12. Defendant Mobile Infirmary sent the Plaintiff home on 10/06/2022.

13. Plaintiff obliged with all requests from Mobile Infirmary's human resources and manager. While the Plaintiff was at home, Mobile Infirmary posted the Plaintiff's employment position as available online on 10/10/2022.

14. Plaintiff sent a formal complaint to Mobile Infirmary about the discriminatory behavior on 10/12/2022.

15. Plaintiff obtained a new reasonable accommodations letter per the request of Mobile Infirmary and delivered the letter to Mobile Infirmary's employee health office on 10/13/2022.

16. Defendant Mobile Infirmary's employee health office approved the new reasonable accommodations request on 10/13/2022.

17. Plaintiff contacted Defendant on 10/14/2022 to inquire when she would be allowed to return to work.

18. Defendant Mobile Infirmary human resources' office confirms Plaintiff is allowed to return to work on the afternoon of 10/14/2022, with a return to work date of 10/17/2022.

19. When the Plaintiff returned to work one week later on 10/17/2022, the reasonable accommodations request had still not been granted in reality even though they were approved on paper.

20. On 10/17/2022 Mobile Infirmary's human resource representative Allison Davis urged that Plaintiff work *without* the reasonable accommodations being approved in reality, even though they were approved on paper.

21. Manager Shanice Cunningham acts unprofessionally on 10/17/2022 to 10/20/2022 with an icy demeanor, and ignores the Plaintiff to the point where other staff members make comments on her unprofessional behavior.

22. On 10/17/2022 the Plaintiff was approached by the Manager Shanice Cunningham's supervisor: Ashley Simmons. Ashley tried to convince the Plaintiff that the reasonable accommodations were not a problem and Ashley requested that Plaintiff not report the discrimination.

23. On 10/20/2022 the Plaintiff was demoted in responsibilities and job description, three (3) out of four (4) job description objectives no longer applied to Plaintiff's work. However, the Plaintiff was not docked in pay or official title.

24. On 10/28/2022 the Plaintiff was accused of changing work procedures via email.

25. On 10/28/2022 a travel contract employee witnessed the manager Shanice Cunningham discuss her plan to terminate the Plaintiff. Shanice Cunningham discussed this plan with several lower level employees who had no need to know status, and stated that the plan included accusing the Plaintiff of misconduct via email to create a paper trail in preparation for termination.

26. Manager Shanice Cunningham on 10/28/2022 claimed that the Plaintiff had no authority to fix any problems. Shanice Cunningham claimed in front of other employees that the Plaintiff fixing problems was unwarranted and told lower level employees with no need to know status that the Plaintiff had no authority to solve problems.

27. On 10/30/2022 the Plaintiff filed an inquiry with EEOC, #425-2023-00118.

28. 11/01/2022 the Plaintiff responded to the email from 10/28/2022 defending themselves against the allegation of changing work procedures.

29. The Plaintiff and Shanice Cunningham speak on 11/01/2022, when the Plaintiff attempted to discuss process improvement ideas which showed how Shanice refused to acknowledge the solutions. This demonstrated Shanice's general treatment of the Plaintiff and her unwillingness to heed the advice of the Plaintiff's professional expertise.

30. The Plaintiff claims the manager Shanice Cunningham did not want to listen and denies the process improvement plans and best practice suggestions based on industry guidelines, because the Plaintiff has more experience and qualifications than the manager in this field.

31. 11/02/2022 the Plaintiff sent an email to Mobile Infirmary's human resources representative informing them of the EEO claim.

32. 11/02/2022 Manager Shanice Cunningham accused Plaintiff of improper documentation two (2) times in one (1) sitting.

33. The Plaintiff claims that the manager Shanice Cunningham created a paper trail of accused insubordination for the purpose of using the false paper trail for termination.

34. 11/03/2022 an employee discloses to the Plaintiff that the manager Shanice Cunningham violated the Privacy Act of 1974 in mid-September. The manager Shanice Cunningham disclosed the Plaintiff's disabled status, disabilities and reasonable accommodations request to lower level staff members with no need to know status.

35. On 11/03/2022 the Plaintiff called the hospital's compliance line at 800-431-2590 to report the inappropriate discriminatory behavior. The Plaintiff provided names of the employees who witnessed some of the discriminatory behavior. Plaintiff was provided a case number.

36. On 03/20/2023 Plaintiff called the hospital's compliance line who confirmed employee relations had completed their investigation and Plaintiff requested investigation results.

37. On 11/04/2022 the Plaintiff quit under duress.

38. On 11/07/2022 a temporary travel contract employee called the Plaintiff to admit witnessing misconduct and discrimination from the Defendant.

39. See reference paragraphs 9, 11, 12, 13, 16, 19, 20, 21, 22, 23, 24, 25, 26, 29, 30, 32, 34, 37, and 38 for full description of discrimination events including but not limited to: violation of the Privacy Act of 1974, discriminatory unworthiness remarks about Plaintiff's physical capabilities, disdain for the Plaintiff's disabled status, reasonable accommodations being approved on paper but not in reality, a plea from the Defendant's representative to not report the discrimination, the Plaintiff's demotion, the Defendant's falsification plan to terminate the Plaintiff, general contemptuous attitude to towards the Plaintiff, the falsification of documentation to aid in the Defendant's termination plan etc.

Count I - DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

40. Plaintiff realleges and incorporates by reference paragraphs 1 through 39 above with the same force and effect as if fully set out in specific detail herein below.

41. Plaintiff was a qualified individual under the Americans with Disabilities Act (as amended) because of her known disability and/or perceived disability and/or history of being a person with a disability.

42. Plaintiff was a person with a disability, has a history of disability and/or was perceived as disabled pursuant to 42 U.S.C. § 12102 and 29 U.S.C. § 706.

43. Despite Plaintiff's disability, with or without reasonable accommodations, she was able to perform the essential functions of her job.

44. Plaintiff was subjected to unlawful discrimination by Defendant based on her disability and/or perceived and/or record of a disability including, but not limited to, being denied reasonable accommodations. This deprivation violates Plaintiff's rights under the Americans with Disabilities Act.

45. Plaintiff has suffered damages as a result of the deprivation of her statutory rights.

PRAYER FOR RELIEF WHEREFORE,

Plaintiff respectfully pray that this Court assume jurisdiction of this action and after trial:

a. Bring justice to make Plaintiff whole. Defendant to receive punishment for their illegal actions. Defendant to provide including but not limited to loss of wages, emotional hardship, and financial hardship compensation to Plaintiff etc.
b. By compensatory, punitive, and/or nominal damages.
c. Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

*[Signature]*   3/28/2023

MONICA ANDERSON
1313 Schillinger Rd S
# 1304 Mobile, AL.
36695

Cell 757-268-9996