IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MONICA ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIV. A. NO. 23-0097-TFM-MU |
| MOBILE INFIRMARY ASSOCIATION, | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Monica Anderson, proceeding *pro se*, filed a complaint against Mobile Infirmary Association alleging a violation of the American with Disabilities Act and seemingly a violation of the Privacy Act in connection with her brief employment at Mobile Infirmary. (Doc. 1). On July 13, 2023, Defendant filed a Motion to Dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 8(a)(2), 10(b), and 12(B)(6). (Doc. 7). This motion has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons stated below, it is recommended that Defendant's motion to dismiss be granted and that Plaintiff's Complaint be dismissed without prejudice, with leave to file an amended complaint.

**BACKGROUND**

On March 28, 2023, Plaintiff filed her *pro se* complaint against Mobile Infirmary. (Doc. 1).[1] Her claims arise from her one-month employment with Mobile Infirmary.

---

[1] The correct name of Defendant is Mobile Infirmary Association d/b/a Mobile Infirmary Medical Center. (Doc. 7 at p. 1). For brevity, Defendant will be referred to as Mobile Infirmary herein.

(Doc.1). Plaintiff does not include her job title or her duties at Mobile Infirmary in the Complaint. Plaintiff's complaint includes one count for violation of the Americans with Disabilities Act (ADA), but also indicates that she is alleging a claim for violation of the Privacy Act. (*Id.*). On July 13, 2023, Defendant filed a motion to dismiss, pursuant to Federal Rules of Civil Procedure 8(a)(2), 10(b), and 12(B)(6). (Doc. 7). Although Plaintiff was given an opportunity to respond to Defendant's motion, she did not. (Doc. 8; *see* Docket Sheet).

## **DISCUSSION**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement is to ensure that the complaint gives fair notice of the plaintiff's claims and the grounds therefor to the defendants and the court. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). A defendant needs preciseness and clarity in a plaintiff's allegations to "discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996). Likewise, the court should not be taxed with "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by governmental immunities, statutes of limitations and similar defenses." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). "[S]ufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Id*. at 556.

A plaintiff's statement of her claims must "possess enough heft to 'sho[w] that the

pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Even though "detailed factual allegations" are not needed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint consisting of naked assertions, without further factual enhancement, or one that offers mere "labels and conclusions" will not suffice. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Plaintiff's Complaint in this case is what has often been referred to as a "shotgun pleading." In *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015), the Eleventh Circuit described the "four rough types" of shotgun pleadings: (1) a complaint containing multiple paragraphs and counts where each count adopts the allegations and content of all preceding paragraphs and counts, (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not separate into a different count each cause of action or claim for relief, and (4) a complaint that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or which of the defendants a specific claim is brought against. *Id.* at 1321-23 (footnotes omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants

adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The Eleventh Circuit has "condemned shotgun pleadings for decades." *See Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n. 54 (11th Cir. 2008) ("since 1985 we have explicitly condemned shotgun pleadings upward of fifty times")).

Plaintiff's Complaint fits two of the four of these impermissible "shotgun pleadings" categories. The Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." For example, the Complaint contains vague and conclusory allegations of reasonable accommodations that were allegedly approved but not implemented, in part or in whole, but does not describe the accommodations or detail which accommodations were not implemented. Indeed, the Complaint does not even include Plaintiff's job title or a description of Plaintiff's job duties. Plaintiff's Complaint also includes several paragraphs discussing disagreements between her and her supervisor which do not appear actionable. In addition, Plaintiff's Complaint "does not separate into a different count each cause of action or claim for relief." For example, the Complaint includes one count for discrimination in violation of the ADA. (Doc. 1 at p. 4). Yet throughout her Complaint, Plaintiff refers to a violation of the Privacy Act, but her Complaint sets forth no separate cause of action for this alleged violation.

The Court recognizes that Plaintiff is proceeding *pro se* in this action and acknowledges that "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). However, "this liberal construction 'does not give a court

license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Id*. (quoting *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Plaintiff's Complaint clearly does not meet the pleading requirements of the Federal Rules of Civil Procedure, nor does it give Defendant fair notice of the claims asserted against it and the grounds therefor. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted and that Plaintiff's Complaint be dismissed without prejudice and with leave to file an Amended Complaint.

In pleading the amended complaint, Plaintiff is cautioned that she must (1) comply with the pleading requirements of Rules 8, 9, and 10 of the Federal Rules of Civil Procedure; (2) include a factual background section setting forth, in separately numbered paragraphs, **specific** (not vague or conclusory) factual allegations in support of the claims made in the complaint; (3) set forth in a separately numbered count each claim made and set forth the specific acts and/or omissions that support each claim; and (4) exclude all generalized and immaterial facts, statements, and allegations that are not specifically related to her claims. *See Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 988 (11th Cir. 2015).

## **CONCLUSION**

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss (Doc. 7) be **GRANTED** and that this action be **DISMISSED without prejudice** and **with leave to amend the complaint** as set forth above within fourteen (14) days from the date of the District Court's order adopting this Recommendation.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **November, 2023**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**